UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N⁰ 11-cv-1266 (JFB)(ETB)

JAE SOOG LEE,

Plaintiff,

VERSUS

LAW OFFICES OF KIM & BAE, P.C., ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
March 14, 2012

JOSEPH F. BIANCO, District Judge:

On March 16, 2011, *pro se* plaintiff Jae Soog Lee, ("Lee") brought this action alleging civil rights violations and state law claims against defendants Law Offices of Kim & Bae, P.C., Bong Jun Kim, and Mun Kyeeung Bae (collectively, "defendants").[1]

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge E. Thomas Boyle, as well as plaintiff's and defendants' objections to the R&R. The R&R recommends that the plaintiff's complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons that follow, the Court adopts Judge Boyle's R&R with respect to plaintiff's federal claims. Given that the R&R recommends that the Court should decline, in its discretion, to exercise supplemental jurisdiction over plaintiff's state law claims, the Court does not adopt the portions of the R&R that opine on plaintiff's state law claims. The Court grants plaintiff leave to re-plead only with respect to her claim pursuant to the Fair Labor Standards Act, but does not grant plaintiff leave to re-plead with respect to any of her other federal claims.

I. PROCEDURAL HISTORY

Plaintiff filed her complaint on March 16, 2011. On May 31, 2011, defendants filed a motion to dismiss plaintiff's

---

[1] Plaintiff's original complaint also alleged claims against Han & Associates and Jin Han (the "Han defendants"). On April 15, 2011, upon stipulation between plaintiff and the Han defendants, this Court issued an Order dismissing plaintiff's complaint against the Han defendants. (Order, April 15, 2011, ECF No. 11.)

complaint. Plaintiff then filed an amended complaint on July 27, 2011, and a second amended complaint on August 1, 2011. As these amended complaints were filed without leave of the Court, the Court held a conference on August 29, 2011 to address plaintiff's amended complaints. Defendants then moved to dismiss the second amended complaint on September 28, 2011. Plaintiff filed her opposition on November 1, 2011. Defendants filed their reply on November 22, 2011. On December 5, 2011, the Court referred defendants' motion to Judge Boyle. On February 2, 2012, Judge Boyle issued the R&R. Defendants filed their objections to the R&R on February 13, 2012. Plaintiff filed her objections to the R&R on February 23, 2012.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985))*; Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). Where the report is dispositive of the case, the Court reviews *de novo* the portions to which objections have been filed. *See* Fed. R. Civ. P. 72(b)(3); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-65 (2d Cir. 2008) (noting that a report recommending remand was dispositive).

III. ANALYSIS

The Court has conducted a review of the full record, including, among other things, the second amended complaint, the parties' respective submissions in connection with the defendants' motion, as well as the R&R, applicable law, defendants' objections, and plaintiff's objections. Having reviewed *de novo* all portions of the R&R to which plaintiff and defendants specifically object, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R with respect to plaintiff's federal claims. The Court does not adopt any portion of the R&R that evaluates plaintiff's state law claims.

A. Plaintiff's Federal Claims

Plaintiff objects to Judge Boyle's determinations that (1) plaintiff failed to state a claim pursuant to 42 U.S.C. § 1983; (2) plaintiff failed to state a claim pursuant to 18 U.S.C. § 242; (3) plaintiff failed to state a claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 200-219; and (4) the Court cannot grant plaintiff declaratory relief awarding plaintiff a U-Visa.[2]

1. Plaintiff's Section 1983 Claim

Judge Boyle determined that plaintiff's claim pursuant to 42 U.S.C. § 1983 could not proceed because plaintiff has not adequately alleged state action on behalf of the defendants. (R&R at 8-10.) To prevail on a claim under Section 1983, a plaintiff

---

[2] Plaintiff does not object to Judge Boyle's determination that plaintiff's claim pursuant to 20 C.F.R. § 656.12 should be dismissed. (R&R at 13.) The Court concludes, after reviewing this portion of the R&R for clear error, that plaintiff's claim pursuant to 20 C.F.R. § 656.12 should be dismissed. Even under a *de novo* review, the Court would conclude that this claim should be dismissed.

2

must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983.

Judge Boyle correctly determined that plaintiff's second amended complaint was devoid of sufficient allegations that defendants were acting under color of state law. Plaintiff's allegation that defendants filed a false police report does not transform the defendants into state actors. In addition, plaintiff's vague and conclusory allegations that defendants conspired with the municipal judge are not sufficient to establish that defendants conspired with state actors to violate plaintiff's civil rights.

Plaintiff objects to Judge Boyle's determination that she has not adequately alleged conspiracy by pointing to several statements in her second amended complaint that allegedly assert conspiracy or joint participation between the defendants and the judge. (Pl.'s Objections, 6-17.) For example, plaintiff alleges that because the judge stated "there is no complaint yet" at her probable cause hearing, the defendants did not file a complaint, and the defendants and the judge must have secretly met so that defendants could share their allegations with the judge in an extra-judicial fashion. (Second Amended Complaint ("SAC"), ¶ 51.) However, this allegation is belied by plaintiff's own allegation that defendants filed a complaint prior to the hearing.[3] (*Id.* ¶ 70.) After reviewing all of the statements that plaintiff alleges in her objections demonstrate conspiracy or joint action, the Court finds that plaintiff's objections are without merit. In short, her speculative and conclusory claims of conspiracy are insufficient to establish a plausible Section 1983 conspiracy claim against these private actors.

Thus, after *de novo* review of this portion of the R&R and careful consideration of plaintiff's objections, the Court finds that plaintiff's claim pursuant to 42 U.S.C. § 1983 must be dismissed.

2. Plaintiff's Claim Pursuant to
18 U.S.C. § 242

Judge Boyle determined that, because 18 U.S.C. § 242 is a criminal statute that does not create a private right of action, plaintiff cannot assert a civil claim pursuant to this statute. (R&R at 10-11.) Plaintiff objects to this determination on the grounds that she has alleged all of the elements required under the statute. (Pl.'s Objections, 16.) The Court, having conducted *de novo* review of this portion of the R&R, concludes that plaintiff's claim pursuant to 18 U.S.C. § 242 must be dismissed. As 18 U.S.C. § 242 does not create a private right of action, plaintiff's claim cannot proceed. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009).

3. Plaintiff's FLSA Claim

Judge Boyle determined that plaintiff's FLSA claim must be dismissed because as an attorney, plaintiff is an exempt employee under the FLSA. (R&R at 15.) Plaintiff objects to this determination on the ground that her work did not fall within a licensed attorney's responsibilities, and that she is not a licensed attorney in South Korea. (Pl.'s Objections, 19.) The Court notes, however, that plaintiff's second amended complaint alleges that "[d]efendants hired

---

[3] In addition, plaintiff submitted the transcript of the probable cause hearing with her objections to the R&R. From a review of the probable cause transcript, the Court notes that plaintiff's allegation regarding the judge's comment is taken out of context. Soon after the judge's comment, the judge remarks that he read the complaint. (*See* Pl.'s Objections, Exhibit C, 6:8-11, ECF No. 49-1.)

Plaintiff as an associate." (SAC ¶ 9; *see also id.* ¶ 136 ("On or about March 9, 2007, an agreement was made between Plaintiff and Defendant. Defendants hired Plaintiff as an associate to open the KOREA OFFICE in South Korea.").) This allegation regarding her position as an "associate" appears to be inconsistent with her objection.

However, in an abundance of caution, as discussed *infra*, the Court will grant plaintiff leave to re-plead her claim pursuant to the FLSA in order to allow her to attempt to add allegations, if there is a factual basis for doing so, making clear that she was not employed as an attorney. However, the Court notes that there must also be allegations regarding work within United States or United States territory in order to sufficiently state a claim for wage and/or hour violations pursuant to the FLSA. *See* 29 U.S.C. § 213(f); *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *1 (W.D. Pa. July 7, 2009) ("The FLSA expressly exempts from its overtime requirements work performed by an employee outside of the United States."); *Levinson v. Primedia Inc.*, No. 02 Civ. 2222(DAB), 2007 WL 2298406, at *12 (S.D.N.Y. Aug. 9, 2007) ("According to the Fair Labor Standards Act, the wage provisions do not apply 'with respect to any employee whose services during the workweek are performed within a foreign country.'" (quoting 29 U.S.C. § 213(f))). In the current complaint, as noted above, plaintiff only makes reference to work in the office in South Korea. Thus, in an amended complaint, plaintiff also must articulate what non-attorney work she is claiming under the FLSA that was performed *within the United States or United States territories*.

4. Plaintiff's Request for a U-Visa Pursuant to 28 U.S.C. § 2201

Judge Boyle determined that plaintiff's request for a U-1 non-immigrant visa ("U-Visa") must be dismissed, as the District Court does not have jurisdiction to grant such relief. (R&R at 16-18.) Plaintiff objects to this determination on the ground that she has alleged that she was the victim of a crime.[4] (Pl.'s Objections, 20.) After *de novo* review of this portion of the R&R and careful consideration of plaintiff's objections, the Court finds that plaintiff's request for declaratory judgment granting a U-Visa pursuant to 28 U.S.C. § 2201 must be dismissed. As this Court is without jurisdiction to grant a U-Visa, plaintiff's claim for declaratory relief granting a U-Visa must be dismissed. *See Ramirez Sanchez v. Mukasey*, 508 F.3d 1254, 1255-56 (9th Cir. 2007) (United States Citizenship and Immigration Services has sole jurisdiction over the issuance of U-Visa petitions).

B. Plaintiff's State Law Claims

Judge Boyle addressed whether plaintiff's individual state law claims should be dismissed pursuant to Rule 12(b)(6). Defendants objected to the portions of the R&R that addressed whether plaintiff adequately pled her state law claims, on the ground that once Judge Boyle determined that the federal claims must be dismissed, it was inappropriate to address plaintiff's state law claims. Having determined that plaintiff's federal claims against the defendants do not survive the defendants' motion to dismiss, the Court concludes that

---

[4] Plaintiff also objects to certain phrases used by Judge Boyle in the R&R and requests that certain words used in the R&R's "Facts" section be replaced. (Pl.'s Objections, 27.) Having reviewed plaintiff's objections *de novo*, the Court finds that revising the R&R is unwarranted.

retaining jurisdiction over any state law claim is unwarranted.[5] 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) *aff'd*, 551 F.3d 122 (2d Cir. 2008) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Accordingly, the Court does not adopt the R&R's determinations regarding the state law claims.

IV. LEAVE TO RE-PLEAD

The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Here, the Court has considered whether plaintiff should be allowed to re-plead with respect to her federal claims. The Court declines to grant plaintiff leave to re-plead with respect to her claims pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242, and her request for a U-Visa. First, plaintiff has not asked for leave to re-plead with respect to her federal claims. *See, e.g.*, *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate."). Second, plaintiff has already filed two amended complaints and her objections to the R&R with additional factual allegations regarding these claims.[6] Under these circumstances, it is clear that any further attempts to re-plead would be futile. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79,

---

[5] If plaintiff is able to re-plead a plausible FLSA claim that survives a motion to dismiss, the Court will re-evaluate whether it should exercise supplemental jurisdiction over any of the state law claims.

[6] In addition, 18 U.S.C. § 242 is a criminal statute that does not create a private right of action, and the Court lacks jurisdiction to grant declaratory relief awarding a U-Visa. Any amendment to these claims clearly would be futile.

93-94 (2d Cir. 1983)). Thus, leave to re-plead with respect to these claims is unwarranted.[7]

With respect to plaintiff's FLSA claim, as noted *supra*, the Court grants plaintiff leave to re-plead with respect to that claim. The Court notes, however, that plaintiff must adequately plead, if there is a factual basis to do so, that plaintiff performed work in the United States or United States territory in order to avail herself of the FLSA's wage and hour protections. In addition, plaintiff must allege, if there is a factual basis to do so, that she worked in the United States or United States territory within the relevant statute of limitations.

IV. CONCLUSION

Having conducted a *de novo* review of all portions of the R&R to which plaintiff and defendants specifically object, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R in part. Specifically, the Court adopts Judge Boyle's recommendation to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 242. The Court also adopts Judge Boyle's recommendation to dismiss plaintiff's claim for declaratory relief granting a U-Visa. The Court does not grant leave to re-plead with respect to these claims. The Court adopts Judge Boyle's recommendation that plaintiff's claim pursuant to the FLSA be dismissed, but allows plaintiff leave to re-plead with respect to this claim. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and thus does not adopt the portions of the R&R addressing the state law claims. Accordingly, IT IS HEREBY ORDERED that the R&R is adopted in part. Plaintiff may file a third amended complaint with respect to her FLSA claim within thirty days of the issuance of this order. Failure to file an amended complaint will result in the dismissal of that claim with prejudice. All other federal claims are dismissed with prejudice.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 14, 2012
       Central Islip, NY

\* \* \*

The Plaintiff is proceeding *pro se*: Jae Soog Lee, 195 Songjukdong Jangangu, 5th Floor, Suwon City 440-800, South Korea. Defendants Law Office of Kim & Bae, PC, Bong Jun Kim, and Mun Kyeeung Bae are represented by Vincent F. Hughes and Bong June Kim, Kim & Bae, P.C., 110 East 59th Street, 22nd Floor, New York, NY 10022.

---

[7] In addition, plaintiff is not granted leave to re-plead her claim pursuant to 20 C.F.R. § 656.12. In addition to the reasons stated above, plaintiff has not objected to Judge Boyle's determination that this claim should be dismissed.