# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

Nº 11-cv-1266 (JFB)(ETB)

—————————————

JAE SOOG LEE,

Plaintiff,

VERSUS

LAW OFFICES OF KIM & BAE, P.C., ET AL.,

Defendants.

—————————————

**MEMORANDUM AND ORDER**
November 2, 2012

—————————————

JOSEPH F. BIANCO, District Judge:

On March 16, 2011, *pro se* plaintiff Jae Soog Lee, ("Lee" or "plaintiff") brought this action alleging civil rights violations and state law claims against defendants Law Offices of Kim & Bae, P.C., Bong Jun Kim, and Mun Kyeeung Bae (collectively, "defendants").[1] Presently before the Court is defendants' motion to dismiss plaintiff's third amended complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants defendants' motion with respect to plaintiff's only remaining federal claim, the Fair Labor Standards Act ("FLSA") claim.

The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims, and those claims are dismissed without prejudice. Defendants have also filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies defendants' motion for sanctions.

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the third amended complaint and are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party. For purposes of this motion, the Court assumes familiarity with Magistrate Judge

---

[1] Plaintiff's original complaint also alleged claims against Han & Associates and Jin Han (the "Han defendants"). On April 15, 2011, upon stipulation between plaintiff and the Han defendants, this Court issued an Order dismissing plaintiff's complaint against the Han defendants. (Order, April 15, 2011, ECF No. 11.)

Boyle's Report and Recommendation, filed on February 2, 2012, and this Court's Memorandum and Order adopting in part the Report and Recommendation, filed on March 14, 2012 (the "March 14 Order"). In the March 14 Order, the Court dismissed all of plaintiff's federal claims, but allowed plaintiff to re-plead with respect to her FLSA claim. The Court declined to exercise supplemental jurisdiction over plaintiff's state law claims. The Court noted "if plaintiff is able to re-plead a plausible FLSA claim that survives a motion to dismiss, the Court will re-evaluate whether it should exercise supplemental jurisdiction over any of the state law claims." (Memorandum and Order at 5 n.5, March 14, 2012, ECF No. 50.) Thus, the factual background set forth below will only discuss plaintiff's allegations regarding her FLSA claim.

On or about March 9, 2007, an agreement was made between plaintiff and defendants, whereby defendants hired plaintiff "as an associate to open an office in South Korea . . . at plaintiff's costs to promote and prepare to open Kim & Bae P.C. in Korea, pending Korean-American Free Trade Agreement." (Third Amended Complaint ("TAC") at ¶ 9.) On or about March 12, 2007, plaintiff registered the Korea office of Kim & Bae, P.C. (the "K&B Korea Office") and maintained two offices in South Korea (*Id.* ¶ 11.) On June 4, 2007, the K&B Korea office was duly registered under Korean law. (*Id.* ¶ 14.)

On June 9, 2007, defendants opened another office in South Korea in the same building as the K&B Korea office. (*Id.* ¶ 16.) Plaintiff alleges that, when plaintiff claimed that the K&B Korea office should be the only office in South Korea, defendant Bong Jun Kim promised to compensate plaintiff with ten percent of the earnings from the separate Korea office. (*Id.* ¶ 17.)

On or about September 12, 2007, defendants asked plaintiff "to make a summary on 'Telson' case at their office in NJ while [p]laintiff was visiting in New York." (*Id.* ¶ 22.) According to plaintiff,

> There were emails from Wonki Yun, manager of the office and Defendant Bong June Kim to show the situation. The needed documents were stored in approximately seven (7) large moving boxes and Defendants directed Plaintiff to complete the summary over the weekend. Plaintiff refused it because she had previous engagements over the weekend. Defendant, Bong June Kim shouted and yelled at Plaintiff where all employees in the office could hear his voice, "I am sponsoring you for your green card. I will provide for lunch if you do this." As Plaintiff refused it, Defendant [Kim] loudly yelled again at Plaintiff, "You have never gotten hungry. You do not practice law. That's why non-lawyer employees here ignore you, like a dog."

(*Id.*) According to plaintiff, she returned the office's key. (*Id.* ¶ 23.) Defendant BAE and other employees tried to persuade plaintiff to work on the case. (*Id.*) Plaintiff "decided not to work at the Defendants' office on the Telson case although Plaintiff witnessed that another young lawyer who was reporting his task to [Kim] while plaintiff was in [Kim's] room, [Kim] loudly shouted and yelled at him as [Kim] did the way to plaintiff. [Kim] finally asked David, [who was] not an attorney to prepare the summary for [the] Telson case." (*Id.*)

On April 6, 2009, plaintiff and defendant Kim met at defendants' office. (*Id.* ¶ 26.) At that meeting, the parties extended the agreement entered into in 2007 regarding

plaintiff's work at the K&B Korea office. (*Id.* ¶ 27.) On that date, defendant Kim "asked Plaintiff to contact some people in Korea to proceed [sic] trade-in deals with baseball players while Plaintiff was in New York. Plaintiff contacted some people in Korea and arranged meetings, and made a reservation [sic] for flights to South Korea." (*Id.* ¶ 29.)

On April 7, 2009, plaintiff informed defendants that she could meet with the baseball players and requested that defendants draft the agreement extension. (*Id.* ¶ 30.) On the same day, an employee of defendants informed plaintiff that the defendants would not be able to enter into a contract at that time. (*Id.* ¶ 31.)

### B. Procedural Background

Plaintiff filed her complaint on March 16, 2011. On May 31, 2011, defendants filed a motion to dismiss plaintiff's complaint. Plaintiff then filed an amended complaint on July 27, 2011, and a second amended complaint on August 1, 2011. As these amended complaints were filed without leave of the Court, the Court held a conference on August 29, 2011 to address plaintiff's amended complaints. Defendants then moved to dismiss the second amended complaint on September 28, 2011. Plaintiff filed her opposition on November 1, 2011. Defendants filed their reply on November 22, 2011. On December 5, 2011, the Court referred defendants' motion to Judge Boyle. On February 2, 2012, Judge Boyle issued the R&R. Defendants filed their objections to the R&R on February 13, 2012. Plaintiff filed her objections to the R&R on February 23, 2012. On March 14, 2012, the Court adopted in part the R&R. Specifically, the Court adopted the R&R's recommendation to dismiss all of plaintiff's federal claims, but the Court allowed plaintiff to re-plead with respect to her FLSA claim, and the

Court declined to exercise supplemental jurisdiction over plaintiff's state law claims. In granting leave to re-plead the FLSA claim, the Court specifically noted,

> With respect to plaintiff's FLSA claim . . . the Court grants plaintiff leave to re-plead with respect to that claim. The Court notes, however, that plaintiff must adequately plead, if there is a factual basis to do so, that plaintiff performed work in the United States or [a] United States territory in order to avail herself of the FLSA's wage and hour protections. In addition, plaintiff must allege, if there is a factual basis to do so, that she worked in the United States or United States territory within the relevant statute of limitations.

(Memorandum and Order at 6, Mar. 14, 2012, ECF No. 50.)

On May 14, 2012, plaintiff filed her third amended complaint. In the third amended complaint, plaintiff re-pled all of her claims, including the federal claims that had been dismissed with prejudice by the Court's March 14 Order. On June 4, 2012, defendants filed a letter motion seeking a pre-motion conference in anticipation of moving for dismissal of plaintiff's complaint on the grounds that many of her claims had been dismissed with prejudice, and her FLSA and state law claims fail as a matter of law. (Letter, June 4, 2012, ECF No. 57.) Defendants also stated that they would file a motion for sanctions under Rule 11 because plaintiff re-asserted several claims that had been dismissed with prejudice. (*Id.* at 3.)

On June 5, 2012, the Court waived the pre-motion conference requirement and set a briefing schedule for defendants' motion to dismiss the third amended complaint. The

Court also stated that "defendants need not brief plaintiff's claims that were dismissed with prejudice in the Court's March 14, 2012 Order." (Order, June 5, 2012, ECF No. 58.) On July 9, 2012, defendants filed their motion to dismiss. On July 18, 2012, defendants filed their motion for sanctions. Plaintiff filed her opposition to defendants' motion to dismiss on August 9, 2012. Defendants filed their reply in support of the motion to dismiss on August 21, 2012. The Court has fully considered the parties' submissions.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp.2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. Discussion[2]

It appears that plaintiff asserts that she was not paid (1) for her work in South Korea managing the K&B office, (2) her work in New York on the "Telson" case, and (3) her work in New York on April 6, 2009. With respect to plaintiff's FLSA claim, defendants argue that (1) the FLSA does not apply to claims of unpaid wages outside the United States, and (2) plaintiff worked as an associate, and therefore is not covered by the FLSA. (Defs.' Br. at 7.) For the reasons set forth below, the Court grants dismissal of plaintiff's FLSA claim.

A.  FLSA Claim

1.  Legal Standard

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The regular, minimum rates at which employees must be paid are established by section 206 of the FLSA. 29 U.S.C. § 206(a). In addition, the FLSA sets forth a broad civil enforcement scheme, pursuant to which "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). In an action

to recover unpaid overtime wages under FLSA, a plaintiff must show that: "(1) he was an employee who was eligible for overtime ([ i.e.,] not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009). The wage and overtime provisions of the FLSA do not apply to exempt employees, including those who are employed in a bona fide professional capacity. 29 U.S.C. § 213(a)(1).

In addition, there must also be allegations regarding work within United States or United States territory in order to sufficiently state a claim for wage and/or hour violations pursuant to the FLSA. *See* 29 U.S.C. § 213(f); *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *1 (W.D. Pa. July 7, 2009) ("The FLSA expressly exempts from its overtime requirements work performed by an employee outside of the United States."); *Levinson v. Primedia Inc.*, No. 02 Civ. 2222(DAB), 2007 WL 2298406, at *12 (S.D.N.Y. Aug. 9, 2007) ("According to the Fair Labor Standards Act, the wage provisions do not apply 'with respect to any employee whose services during the workweek are performed within a foreign country.'" (quoting 29 U.S.C. § 213(f))).

2.  Analysis

a. Plaintiff's Work in South Korea

Despite this Court's clear directive in the March 14 Order that plaintiff may not recover unpaid wages for the time when she worked in South Korea, plaintiff still attempts to claim unpaid wages for her work there. (*See* Pl.'s Opp. at 6 ("Defendants willfully did not pay for Plaintiff's[] (minimum) wages and/[or] Compensation for the two-year fixed contract starting on or

---

[2] Although plaintiff attempts to re-assert other federal claims in the third amended complaint, those other claims were dismissed with prejudice and, in any event, are dismissed again for the reasons set forth in the R&R and the Court's March 14, 2012 Memorandum and Order.

about March 18, 2007 and for from [sic] on or about [sic] April 6, 2007 to on or about April 9, 2009.") As stated *supra*, the FLSA's wage and overtime provisions of the FLSA do not apply to work performed in a foreign country. Thus, any FLSA claim premised on work performed in South Korea must be dismissed.[3]

b. Plaintiff's Work on the "Telson" Case

In her complaint and opposition, plaintiff claims that she was asked to perform a summary on the "Telson" case in September 2007. Any claim for unpaid wages or overtime under the FLSA based on these allegations fails for several reasons.

As a threshold matter, plaintiff does not even allege that she worked on the "Telson" case. In plaintiff's third amended complaint, she states that she was asked to prepare the summary, but she refused to work on the case. (TAC ¶¶ 22-23.) Plaintiff cannot recover wages for work she did not perform.

In addition, any claim for wages in September 2007 is barred by the statute of limitations. A suit under the FLSA must be commenced within two years after the cause of action has accrued, unless a plaintiff can show that a defendant's violation of the Act was willful, in which case a three-year statute of limitation applies. 29 U.S.C. § 255(a). Even under the three year statute of limitations, plaintiff's claim as it relates to this work must fail. Plaintiff filed her complaint in March 2011, and conduct in

September 2007 fails outside the three-year statute of limitations.

Finally, plaintiff is an attorney who was hired by defendants to be an associate, and the preparation of a case summary by an attorney is clearly the work of an employee in a bona fide professional capacity. As noted above, the wage and overtime provisions of the FLSA do not apply to exempt employees, including those who are employed in a bona fide professional capacity. 29 U.S.C. § 213(a)(1). Plaintiff, as an attorney, falls under the professional capacity exemption. *Id.* The Court has considered plaintiff's allegations that a non-lawyer eventually prepared the report and that defendant Kim stated that plaintiff did not practice law. These facts do not change the Court's analysis. Therefore, even if plaintiff pled that she did the work on the "Telson" case, and adequately pled the specific hours she worked, the claim would not survive because plaintiff was working as an exempt employee under the FLSA.

Thus, any FLSA claim based on work on the "Telson" case must be dismissed.

c. Plaintiff's Work on April 6, 2009

As an initial matter, plaintiff's claim with respect to the work in April 2009 can only be interpreted an unpaid wages claim, since plaintiff is essentially alleging that she negotiated a new contract on April 6, 2009, contacted people in Korea relating to the baseball players after the contract was negotiated, and was informed the next day that defendants would not enter into a contract with plaintiff.

Plaintiff's amended complaint does not specify the amount of time plaintiff worked for defendants contacting people in Korea for the deals with respect to the baseball players. As such, plaintiff's amended

---

[3] Defendants also argue that plaintiff is an attorney and exempt under the FLSA. Plaintiff alleges that in South Korea, she worked as an office manager. Because the FLSA's wage and overtime provisions clearly do not apply to work performed outside the United States, the Court does not address this argument with respect to plaintiff's work in South Korea.

complaint is deficient. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, Nos. 10-cv-2661 (PAC), 10-cv-2662 (PAC), 10-cv-2683 (PAC), 10-cv-3247 (PAC), 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) (complaint failed to state a claim for relief where it failed to state "the numbers of hours allegedly worked without compensation – the heart of the claim"). In any event, this work clearly falls under an exemption to the FLSA. Plaintiff alleges in her amended complaint that she was hired as an associate at the law firm, and plaintiff alleges that she was asked to contact people in Korea regarding the negotiation of deals with baseball players. Such work is clearly that of an attorney.[4] As stated *supra*, attorneys are not subject to the wage and overtime provisions of the FLSA. *See Chadwell v. Yanta*, 51 F. App'x 484 (5th Cir. 2002) (per curiam) (affirming dismissal of plaintiff's complaint where plaintiff alleged "that although he was hired as an attorney he spent 20% of his time performing sub-professional tasks").

\*     \*     \*

Thus, plaintiff's FLSA claim of unpaid wages must be dismissed.[5]

## B.  Plaintiff's State Law Claims

Having granted defendants' motion to dismiss with respect to plaintiff's remaining federal claim, the only remaining claims are the plaintiff's state law claims. However, having determined that plaintiff's federal claims against the defendants do not survive the defendants' motion to dismiss, the Court concludes that retaining jurisdiction over any of the remaining state law claims is

---

[4] Specifically, the third amended complaint states: "On or about April 6, 2009, Plaintiff had a meeting with Defendant Kim and Wonki Yun for about one and half hours at the Defendants' office. As soon as the meeting started, Defendants asked Plaintiff to contact Korean baseball players, because some leagues in the USA were interested in Korean baseball players after they won a Gold Medal at the Olympics in 2008 and the second place at the World Baseball Class on or about March 18, 2009. Wonki Yun explained the details about the players and the leagues to Plaintiff." (TAC ¶ 26.) The third amended complaint also states: "On or about April 6, 2009, after the enforceable extended agreement was made, Defendant, KIM asked Plaintiff to contact some people in Korea to proceed trade-in deals with baseball players while Plaintiff was in New York. Plaintiff contacted some people in Korea and arranged meetings, and made a reservation for flights to South Korea." (*Id.* ¶ 29.)

[5] Plaintiff does not assert an FLSA retaliation claim in her third amended complaint. Plaintiff alleges in her opposition, however, that defendants commenced a malicious prosecution "when plaintiff was about to seek appropriate remedies for the unpaid wages and/or Defendants' violations." (Pl.'s Opp. at 6.) To the extent plaintiff attempts to assert an FLSA retaliation claim for the first time in her opposition papers, after three amended complaints, the Court declines to permit plaintiff to raise such a claim. In any event, plaintiff does not even allege that she complained about any potential FLSA violations at any point, barring an FLSA retaliation claim. Even if plaintiff did assert that she complained to defendants regarding any FLSA violations, according to the Second Circuit, "[t]he plain language of [the FLSA provision] limits the cause of action to retaliation for filing formal complaints . . . but does not encompass complaints made to a supervisor." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir.1993), *abrogated on other grounds by Kasten*, 131 S. Ct. at 1335; *see also Hyunmi Son v. Reina Bijoux, Inc.* 823 F. Supp. 2d 238, 244 (S.D.N.Y. 2011) (holding that *Lambert*'s holding that internal complaints to employers, as opposed to government authorities, are not protected by the anti-retaliation provision of the FLSA was not altered by the Supreme Court's ruling in *Kasten*); *Graves v. Deutsche Bank Secs. Inc.*, No. 07 Civ. 5471, 2010 WL 997178, at *4 (S.D.N.Y. Mar. 18, 2010) ("[T]he FLSA bars discrimination only when the retaliation is in response to a formal complaint lodged with the Department of Labor."). There is nothing in plaintiff's complaint to suggest that she lodged a complaint with the Department of Labor. As such, plaintiff's claim is utterly without merit.

unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc*., No. 06-CV-6497T, 2007 WL 1703914, at \*5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); s*ee also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at \*4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). The Court, in its discretion, concludes that the interests of efficiency and judicial economy are not sufficient in this case to warrant exercising supplemental jurisdiction over the state law claims. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state law claims given the absence of any federal claim that survives the motion to dismiss and dismisses any such claims without prejudice.

## IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to re-plead her amended complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead her federal claims. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). As discussed in detail *supra,* it is clear from the amended complaint that plaintiff does not have any possibility of asserting plausible federal claims because dismissal is not based upon pleading deficiencies, but rather legal doctrines that cannot be remedied by any amendments. Thus, where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g.*, *Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claims without leave to amend because, *inter alia,* certain defendants were not state actors and "[a]ny amendment would be futile"); *Wilson v. Wilson-Poison*, No. 09 Civ. 9810(PGG), 2010 WL 3733935, at \*10 (S.D.N.Y. Sept. 23, 2010) (leave to amend unwarranted

because, *inter alia,* plaintiff could not allege state action under Section 1983).

In addition, plaintiff has not requested an opportunity to re-plead, and has failed to explain how any amendment could possibly state a plausible legal claim. Thus, the Court declines to grant leave to re-plead. *See, e.g.*, *Ackerman v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.").

Finally, plaintiff has been given ample opportunity to allege a claim and has failed to do so.[6] The Court clearly set forth the required parameters for a FLSA claim in the R&R and the March 14 Order. However, plaintiff's amended complaint is still defective. Under these circumstances, the Court declines to grant plaintiff yet another opportunity to re-plead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim" (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in

refusing to give plaintiffs a fourth attempt to plead.")).

## V. DEFENDANTS' SANCTIONS MOTION

Defendants seek to impose sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against plaintiff. Specifically, defendants claim that when plaintiff filed her third amended complaint, plaintiff asserted claims that had previously been dismissed with prejudice. (Defs.' Sanctions Br. at 2.) Defendants allege that, on May 18, 2012, defendants sent plaintiff a letter requesting her to withdraw the third amended complaint, and plaintiff failed to do so. For the reasons that follow, defendants' motion for sanctions is denied.

In considering a motion for sanctions under Rule 11, this Court applies an "objective standard of reasonableness." *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc*., 73 F.3d 1253, 1257 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Additionally, "when divining the point at which an argument turns from merely losing to losing *and* sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original) (internal quotation marks omitted).

While the Court agrees that, in plaintiff's third amended complaint, plaintiff asserted federal claims that had previously been dismissed with prejudice, there is nothing to indicate that plaintiff acted in bad faith or that plaintiff's inclusion of these previous claims was objectively unreasonable. It is evident that plaintiff edited her prior complaints to add more detail with respect

---

[6] To the extent that one ground for dismissal of plaintiff's claim regarding April 6, 2009 includes a pleading defect, it also includes a non-curable defect – namely, the FLSA exemption. In any event, in light of the Court's allowance of three amended complaints in this action, the Court, in its discretion declines to permit plaintiff to amend her complaint a fourth time in order to correct any pleading defects.

to the FLSA claim but failed to remove the dismissed claims. In any event, the Court limited any prejudice to the defendants in an Order dated June 5, 2012 stating that defendants "need not brief plaintiff's claims that were dismissed with prejudice in the Court's March 14, 2012 Order." Thus, the Court determines that sanctions are not warranted in this case.

### VI. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's FLSA claim is granted. Thus, all federal claims have been dismissed. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Defendants' motion for sanctions is denied. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  November 2, 2012
          Central Islip, NY

* * *

The Plaintiff is proceeding *pro se*: Jae Soog Lee, 195 Songjukdong Jangangu, 5th Floor, Suwon City 440-800, South Korea. Defendants Law Office of Kim & Bae, PC, Bong Jun Kim, and Mun Kyeeung Bae are represented by Vincent F. Hughes and Bong June Kim, Kim & Bae, P.C., 110 East 59th Street, 22nd Floor, New York, NY 10022.